# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 382 | **DATE** | 01/08/04 |
| **CASE TITLE** | Wiseman vs. Schultz | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated on the attached memorandum opinion and order, defendants' motion to dismiss [6-1] and plaintiff's motion for sanctions [9-1] are denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | 1-9-04 date docketed | |
| ✓ | Docketing to mail notices. | | 16 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RT/NM | courtroom deputy's initials | date mailed notice | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP WISEMAN, | ) | |
| Plaintiff, | ) | Case No. 03 C 382 |
| v. | ) | |
| | ) | |
| JEROME SCHULTZ, individually and in his official capacity as Chief of Police of the Willow Springs Police Department, the VILLAGE OF WILLOW SPRINGS, a municipal corporation, STEVEN MUSCOLINO individually and in his official capacity as Trustee for the Village of Willow Springs, JOHN LYNN, individually and in his official capacity as Lieutenant of the Willow Springs Police Department, CHRISTOPHER LIMAS, individually and in his official capacity as Village Administrator of the Village of Willow Springs, TERRANCE CARR, individually and in his official capacity as President of the Village of Willow Springs, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Joan B. Gottschall<br><br>DOCKETED<br><br>JAN 0 9 2004 |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

As a result of events leading to his termination, Phillip Wiseman sued the Village of Willow Springs and various public officials both individually and in their official capacities, including Police Chief Jerome Schultz, Village Trustee Steven Muscolino, Lieutenant John Lynn, Village Administrator Christopher Limas, and Village President Terrance Carr (collectively "defendants"). Wiseman alleges violations of 42 U.S.C. § 1983 for retaliation based on the exercise of his First Amendment rights. Defendants move to dismiss for failure to state a claim. Plaintiff countered with a motion for sanctions, claiming defendants filed their motion in bad faith. For the reasons that follow, both motions are denied.

1

## I. Background

Wiseman was employed as a police officer for the Village of Willow Springs from June 1995 until he was terminated in November 2002. He alleges the following incidents led to his termination.

In 1998, Wiseman was working on a criminal matter in which drugs and money were seized and inventoried by the police department. Defendant Schultz took custody of the evidence and allegedly discarded it. During the trial, when the State's Attorney requested the evidence, Defendant Schultz allegedly told Wiseman to use substitute evidence. Wiseman refused to do so.

In November 2001, in his capacity as Union Steward, Wiseman assisted a fellow officer in making a report to the Cook County State's Attorney's Office. The officer had been threatened with discipline for not signing a complaint against a citizen. Wiseman cooperated with the State's Attorney by giving a statement "regarding what he believed to be corruption and misconduct" in the police department. (Compl. ¶ 17) Defendant Lynn later asked Wiseman what he told the State's Attorney and allegedly threatened Wiseman when he refused to divulge any information. Wiseman alleges he was subject to unwarranted discipline and was refused backup on numerous calls after this incident.

In May 2002, Wiseman learned that a fellow officer had tested positive for drug use. Following an informal meeting of several officers, Wiseman assisted in preparing a memorandum expressing concern over working with an officer who had tested positive for drug use. The memorandum was signed by ten officers and forwarded to the Police Chief, the Village Administrator and the Village President. Defendants Schultz and Lynn approached each officer and requested that he remove his name from the memo. All but four complied.

2

A few days later, an anonymous flyer was distributed throughout the Village of Willow Springs reporting the officer's drug use and criticizing the department's handling of the situation. Defendants began investigating who distributed the flyer. Defendant Muscolino reportedly stated that those who made false accusations against the Village need to be punished. Wiseman was questioned regarding dissemination of the flyer.

Sometime thereafter, Wiseman gave a statement to the Equal Employment Opportunity Commission regarding an officer's discrimination claim.

In October 2002, Defendant Schultz ordered Wiseman to impound a vehicle. Wiseman refused because he believed the order was unlawful.

Shortly thereafter, Wiseman was interrogated a second time concerning distribution of the flyer as well as his knowledge of drug sales by members of the department. As part of the investigation, Wiseman was fingerprinted.

In November 2002, Wiseman was terminated for his alleged "'involvement' or 'dissemination' of letters critical of the Village of Willow Springs, the Police Department, and another officer for his alleged drug use;" for failing to obey an order to impound a vehicle, and for conduct relating to other arrests. (Compl. ¶ 39)

II. Analysis

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). The complaint need only set out "a short and plain statement showing the plaintiff is entitled to relief, the purpose of which is to give the

3

defendant notice of the claims and the grounds they rest upon." *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F. 3d 750, 753 (7th Cir. 2002) (citing *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993)). The court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003).

A.   **First Amendment**

Plaintiff brought suit under § 1983, alleging defendants violated his First Amendment rights by punishing and ultimately discharging him because he spoke out against alleged improprieties within the police department. Defendants moved to dismiss, arguing plaintiff's speech did not address a matter of public concern and therefore was not subject to First Amendment protection.

Determining whether speech by a public employee is constitutionally protected is a two-step process. First, a court must determine whether the plaintiff speaks "as a citizen upon matters of public concern." *Connick v. Myers*, 461 U.S. 138, 147 (1983). Second, the court must balance the employee's interest in expressing himself with interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees. *Id.* at 142; *Pickering v. Board of Education*, 391 U.S. 563, 568 (1968). Because defendants do not argue that Wiseman's interest in expressing himself was outweighed by a legitimate interest of the Village, the court is concerned only with the first step.

In determining whether speech is of public concern, a court must look to the content, form and context of the speech. *Connick*, 461 U.S. at 147-48. Of these, content is the most important factor. *Campbell v. Towse*, 99 F.3d 820, 827 (7th Cir. 1996). The Seventh Circuit has

4

determined that content addressing "police protection and public safety" is generally a matter of public concern. *Delgado v. Jones*, 282 F.3d 511, 517 (7th Cir. 2002). *See also Kinney v. Weaver*, 301 F.3d 253, 276 (7th Cir. 2002) (citation omitted) (speech regarding the misconduct of public officials, "especially when it concerns the operation of a police department," is of utmost First Amendment significance); *Myers v. Hasara*, 226 F.3d 821, 826 (7th Cir. 2000) (noting importance of public employees' right to "expose misdeeds and illegality in their departments). However, speech relating solely to personal grievances and routine performance of assigned job duties is not a matter of public concern. *Delgado*, 282 F.3d at 518-19; *Dishnow v. School Dist. of Rib Lake*, 77 F.3d 194, 197 (7th Cir. 1996). The form and context of speech are clarified by examining the speaker's motivation. *Delgado*, 282 F.3d at 518. The court must ascertain whether the speaker's point was to bring wrongdoing to light or to further some purely personal interest. *Richter v. Village of Oak Brook*, 2003 WL 22169763, at *12 (N.D. Ill. Sept. 19, 2003).

Plaintiff claims he was punished and ultimately fired because he 1) refused to follow orders of his superior officers, 2) gave statements to the State's Attorney and the EEOC on behalf of other officers, and 3) participated in drafting a memo criticizing the department's disciplinary procedures. The court is satisfied that the latter instance is of public concern. *See* order dated December 30, 2003 in *Sims v. Schultz*, 03 C 381 (N.D. Ill.). Wiseman's speech relates to providing effective police protection and public safety and does not appear to be motivated by a personal grievance or interest. Similarly, based on the allegations in the complaint, it is conceivable that Wiseman's statements to the State's Attorney and the EEOC were designed to

5

shed light on alleged wrongdoing within the police department.[1] Wiseman's disagreements with superior officers may be a closer call. One appears to be in the nature of a cover-up of discarded evidence and the other a potentially unlawful order to impound a car. Wiseman does not allege he discussed these incidents with anyone or did anything to bring the alleged wrongdoings to light, and accordingly, Wiseman's speech, in these instances may, depending on the facts proven, fall into the realm of personal disputes. Nonetheless, the other alleged incidents plainly involve speech that is a matter of public concern. Plaintiff has alleged adequate facts to state a claim.

This conclusion is supported by a number of cases involving police officers' reports of potential improprieties and criticism of department policies. In *Gustafson v. Jones*, 117 F.3d 1015, 1017-19 (7th Cir. 1997), a police officer's comments to co-workers, union officials and the Milwaukee Police Association criticizing his superior's handling of a shooting investigation and subsequent creation of a policy prohibiting unauthorized follow-up investigations amounted to protected speech. In *Delgado*, 282 F.2d at 517-18, a police officer's internal memorandum summarizing his investigation of possible criminal activity by a close relative of an elected official amounted to protected speech. Finally, in an order dated January 17, 2002 in *Hare v. Zitek*, Case No. 02 C 3973 (N.D. Ill.) (unpublished), a police officer's report to the police chief, village president, village trustee and ultimately to the Cook County States Attorney of alleged embezzlement and bribery within the department was a matter of public concern.

Defendants insist Wiseman's comments are not of public concern because they were made during the course of his employment, were within his job duties, were in furtherance of his

---

[1] Wiseman's activities do not lose protection to the extent they are within his duties as Union Steward. *Richter*, 2003 WL 22169763, at *12 (stating an employee does not lose First Amendment protection when he is acting as Union Steward).

6

own personal interests, and were not made in a public forum. These arguments are without merit. Wiseman's communications with Village officials, not to mention the State's Attorney and EEOC, unquestionably constituted speech in a public forum. *See Delgado*, 282 F.2d at 518 (finding private communications with superiors to be of public concern). Further, Wiseman's decision to assist others in (a) filing complaints against the department and (b) writing a memo criticizing the department's disciplinary practices cannot be characterized as part of his assigned or routine job duties. Indeed, Wiseman was not required to act as he did in these situations. While defendants make a conclusory claim that Wiseman's conduct was in furtherance of his personal interests, they point to no facts that suggest Wiseman was motivated by a personal dispute or that he stood to gain anything as a result of his conduct; to the contrary, he was allegedly punished and fired because of it.

Defendants cite a number of cases where the speech at issue was not protected because it was incident to assigned job functions or along the lines of a personal dispute. While defendants repeatedly urge the court to come to a similar conclusion, they have provided no convincing analysis of how these cases apply to the present allegations. For instance, defendants rely on *Gonzalez v. City of Chicago*, 239 F.3d 939 (7th Cir. 2001).[2] In *Gonzalez*, the plaintiff claimed he was retaliated against based on reports he wrote when he was working in the Office of Professional Standards. *Id.* at 940. The court found his speech was not a matter of public concern because he was reporting on his investigations as required by his employer. *Id.* at 941. Thus, the reports were created as part of his ordinary job responsibilities. *Id.* Under those

---

[2] As plaintiff pointed out, the cases cited by defendants were discussed and distinguished in *Hare*. Thus the court will not address them all here.

7

circumstances, the plaintiff was acting as an employee, not a concerned citizen. *Id.* The Seventh Circuit has since limited the *Gonzalez* holding to the "routine discharge of assigned functions, where there is no suggestion of public motivation" and no exercise of discretion or independent judgment. *Delgado*, 282 F.3d at 519. Viewing the facts in a light most favorable to plaintiff, it does not appear that Wiseman's conduct was not part of his routine job duties. *Gonzalez* does not control.

The court finds that Wiseman's speech addresses a matter of public concern and states a colorable claim for retaliation under the First Amendment. Therefore, defendants' motion to dismiss plaintiff's § 1983 claim is denied.

### B. Qualified Immunity

Defendants Lynn and Schultz assert that they should be dismissed from this suit on the basis of qualified immunity. Public officials performing discretionary functions generally are shielded from civil liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The test is whether a reasonable official would have understood that what she was doing was unlawful. *Gustafson*, 117 F.3d at 1021. Qualified immunity applies unless (1) the complaint alleges facts which, if proven, would amount to a constitutional violation, and (2) the constitutional standards were clearly established at the time of the alleged violation. *Delgado*, 282 F.3d at 516.

Lynn and Schultz argue they are entitled to qualified immunity because even "[a]ssuming *arguendo* that Plaintiff has alleged a constitutional violation . . . the applicable constitutional standards were not clearly established at the time of the alleged conduct." (Def. Mem., at 11)

According to defendants, the law is not clear as to whether "a public employee's speech related solely to his role as a public employee, and which was never presented in a public forum," is entitled to First Amendment protection. (*Id.* at 12) Again, defendants mischaracterize Wiseman's activities, which did take place in a public forum and did not consist solely of assigned duties.

As discussed above, "it has been clear for years that speech about police protection and public safety raises matters of public concern." *Gustafson*, 117 F.3d at 1021. It is also clear that law enforcement officers whose communications are "designed not only to convey information of possible crimes, but also additional facts that were relevant to the manner and scope of any subsequent investigation" are entitled to First Amendment protection, unless the communications fall within the routine discharge of assigned duties. *Delgado*, 282 F.3d at 519. Defendants have cited no case which casts doubt on these principles. At least some of the facts alleged in the complaint, if proven, fall squarely within this framework. Thus, the court finds that defendants Lynn and Schultz should have known it would be unlawful to punish and discharge plaintiff for his comments. Accordingly, defendants Lynn and Schultz are not entitled to qualified immunity.

### C.     Sanctions

Plaintiff urges the Court to impose Rule 11 sanctions because counsel for defendants filed an identical motion to dismiss in another case. That motion was denied. *See* order dated January 17, 2002 in *Hare v. Zitek*, Case No. 02 C 3973 (N.D. Ill.) (unpublished). Both cases allege First Amendment retaliation claims based on speech exposing some form of impropriety within a police department. So, the argument goes, this case is indistinguishable from *Hare*, yet defendants filed the exact same motion in an effort to harass plaintiff and cause him unnecessary

9

expense. Defendants, on the other hand, argue sanctions are not warranted because the cases are factually distinct. Specifically, the *Hare* case involved embezzlement, bribery and corruption, while the present case involves much less serious "disagreements over the handling of internal police department matters." (Def. Resp., at 3). Defendants fail to recognize that the egregiousness of the alleged impropriety does not determine whether speech is protected. Thus, this distinction does little to help their case. Further, although the court is not persuaded by defendants' argument that Wiseman was acting within the scope of his job duties, it is not frivolous. Moreover, this court is not bound by the *Hare* decision, and defendants were entitled to try to persuade this court to reach another result. The court finds no sanctionable conduct.

## III. Conclusion

For the reasons set forth above, defendants' motion to dismiss is denied. Plaintiff's motion for sanctions is also denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: January 8, 2004